## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

DAVID GOODMAN                                                    PLAINTIFF

V.                              NO. 3:13CV00088-JTR

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                  DEFENDANT

## <u>ORDER</u>

On July 17, 2014, the Court entered a Memorandum Order and Judgment reversing the Commissioner's decision and remanding this case for further administrative proceedings. *Docs. 13 & 14*. On October 17, 2014, the Court entered an Order awarding Plaintiff's counsel $5,547.68 in attorney's fees under the Equal Access to Justice Act ("EAJA"). *Doc. 17*.

On remand to the Commissioner, Plaintiff prevailed. On May 6, 2015, the Commissioner issued a Notice of Award, awarding Plaintiff $74,450.00 in past-due benefits. *Doc. 18-2*. The Commissioner withheld 25% of that award, or $18,612.50, "to pay an approved lawyer's fee" for "his or her work on your Social Security claim." *Id. at 2*. According to the Notice, the Commissioner "[is] paying the lawyer from the benefits we withheld," presumably for services performed at the administrative level,[1]

---

[1] Under 42 U.S.C. § 406(a), the Commissioner is authorized to award attorney's fees for representation at the administrative review level.

and "will continue to withhold the remainder, $12,612.60, [i]n case your lawyer asks the Federal Court to approve a fee for the work that was done before the court." *Id. at 2-3.*

On June 4, 2015, Plaintiff's counsel, David Throesch, filed this Motion requesting an award of attorney's fees under 42 U.S.C. § 406(b) for his work performed at the District Court level. Pursuant to their fee agreement,[2] Mr. Throesch seeks the full 25% contingency fee, $18,612.50, for 30.29 hours of court-related representation. *Doc. 18 at 2.* Mr. Throesch acknowledges that, if he receives a § 406(b) attorney's fee award, he will refund to Plaintiff the $5,547.68 previously awarded under the EAJA. *Id.* Mr. Throesch also states that he has filed with the Commissioner a request for fees under § 406(a) for work performed at the administrative level. *Doc. 18-3 at 8.*

The Commissioner states that, although she is not the true party in interest and thus takes no legal position as the appropriateness or reasonableness of counsel's request, the amount requested "would be a reasonable award." *Doc. 19.*

When a Court "renders a judgment favorable to a claimant" in a Social Security case, the Court is authorized to award "a reasonable fee for [the claimant's attorney's]

---

[2]On October 6, 2010, Plaintiff entered into a contingent-fee agreement with Mr. Throesch, agreeing that if his claim "proceed[s] past the [administrative] hearing level before it is approved," he would pay an attorney's fee equal to "25% of past-due benefits" that were awarded to him. *Doc. 18-1.*

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* This provision does not displace contingent-fee agreements entered into between a claimant and his attorney; rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). So long as the contingent fee does not exceed twenty-five percent of the past-due benefits, the attorney for the successful claimant must simply show that the fee sought is "reasonable for the services rendered." *Id.*

For the following reasons, the Court will allow a § 406(b) fee award of $12,612.50.

First, the contingent-fee agreement with Mr. Throesch provides that any awarded attorney's fee will not exceed twenty-five percent of Plaintiff's past-due benefits. The amount withheld by the Commissioner is within the boundary set by § 406(b). Although Mr. Throesch requests the full 25% award of $18,612.50 for his court-related work, the Eighth Circuit has held that the *aggregate* of fees awarded at the judicial and administrative levels may not exceed twenty-five percent of past due benefits. *Davis v. Bowen*, 894 F.2d 271, 273 & n.3 (8th Cir. 1989). As noted, the

Commissioner's Notice of Award states that the Commissioner "[is] paying" Mr. Throesch for his administrative work and is "continu[ing] to withhold the remainder, $12,612.50[,] in case your lawyer asks the Federal Court to approve a fee for the work that was done before the court." *Doc. 18-2 at 2-3*. Accordingly, the Court concludes that Mr. Throesch is only entitled to $12,612.50, the amount being retained by the Commissioner to pay him for court-related work.

Second, $12,612.50 is a reasonable award for Mr. Throesch's representation at the judicial review stage. Plaintiff spent more than two years unsuccessfully pursuing his claim for disability benefits through the administrative levels. He received a favorable decision only after two more years of representation by Mr. Throesch, who obtained a judgment reversing the Commissioner's decision and remanding for further proceedings, which were successful. While Mr. Throesch ultimately achieved success for Plaintiff, counsel bore the risk that he would not win an award for his client and thus would not be paid. It appears that no delay resulted from the representation, and counsel's itemization demonstrates that the time expended was reasonable. *Doc. 15-1*. The Court acknowledges Mr. Throesch's experience and history of representing Social Security claimants.

Under these circumstances, Plaintiff's Motion for attorney's fees under § 406(b) will be granted in the amount of $12,612.50.

The Court previously awarded to Plaintiff, for the same court-related work, attorney's fees in the amount of $5,547.68 under the EAJA. *Doc. 17*. Mr. Throesch concedes that he is obligated to refund to his client the lesser of the two awards. *Gisbrecht*, 535 U.S. at 796 (fee awards may be made under both EAJA and § 406(b), but claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

Finally, the Commissioner is directed to ensure that the combined amount of the fees that Mr. Throesch receives pursuant to § 406(a) and § 406(b) does not exceed the 25% contingency-fee amount withheld from Plaintiff's past-due benefits.

IT IS THEREFORE ORDERED THAT:

1.     Mr. Throesch's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b), *Doc. 18*, is GRANTED.

2.     Mr. Throesch is entitled to an award of $12,612.50 for attorney's fees for work at the District Court level under 42 U.S.C. § 406(b).

3.     Mr. Throesch shall refund to Plaintiff the earlier EAJA award of attorney's fees in the amount of $5,547.68.

DATED this 18th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE